**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                              :
DARREL REEVES,                :
                              :   Civil Action No.
            Plaintiff,        :   11-1741 (PGS)
                              :
         v.                   :   **O P I N I O N**
                              :
OFFICE OF THE                 :
PUBLIC DEFENDER et al.,       :
                              :
            Defendants.       :
_____:

**Peter G. Sheridan**, District Judge:

Plaintiff Darrel Reeves ("Plaintiff"), a convicted prisoner currently confined at the Hudson County Correctional Center, Kearny, New Jersey, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff also submitted for filing his complaint ("Complaint"). Plaintiff's Complaint named the following parties as Defendants in this action: Hope Mitchell ("Mitchell," public defender in Plaintiff's criminal case), Martha Royster ("Royster," Mitchell's supervisor), Yvonne Smith Seagars ("Seagars," Royster's former supervisor), the Office of Public Defender for the State of New Jersey, Frank Morono ("Morono," prosecutor of Plaintiff's criminal case) and the Office

of the Prosecutor (presumably, in the county of Morono's employ). In addition, mentioned in the Complaint is a certain "Edward DeFazo"; the reference suggests that Plaintiff is referring to Edward J. DeFazio ("DeFazio," the head of Hudson County Office of the Prosecutor.

Plaintiff's Complaint asserts that: (a) Mitchell violated Plaintiff's civil rights by providing him with ineffective assistance of counsel during Plaintiff's criminal proceedings; (b) Royster violated Plaintiff's civil rights by being Mitchell's supervisor; (c) Seagars violated Plaintiff's civil rights by being Royster's supervisor; (d) the Office of Public Defender violated Plaintiff's civil rights by being the entity employing Seagars, Royster and Mitchell; (e) Morono violated Plaintiff's civil rights by relying, during Plaintiff's prosecution, on the documentary evidence which Plaintiff believed to be untrue, by not presenting Plaintiff's grand jury with the statements that Plaintiff would have preferred disclosed and by not investigating the crime scene in the fashion Plaintiff believed to be proper under the state court rules; (f) De Fazio violated Plaintiff's civil rights by not fostering criminal proceedings against an individual who, allegedly, assaulted and stole cash from Plaintiff; and (g) the Office of the Prosecutor violated Plaintiff's civil rights by being the entity employing Morono and DeFazio. See Docket Entry No. 1, at 2-4.  Plaintiff seeks monetary damages. Id. at 6.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. STANDARD OF REVIEW

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89 (2007); Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Indeed, it is long established that a court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, while a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

Addressing the clarifications as to the litigant's pleading requirement stated in the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the courts in this Circuit with detailed and

careful guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 1965 n.3. . . . "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3. . . . [Indeed, it is not] sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct." Id.
>
> Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the United States Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Court observed:

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. . . . A claim has facial plausibility [only] when the plaintiff pleads factual content . . . . Id. at 556. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a

> defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [,i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn . . . the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint alleges any of the elements] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope to develop facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

## II.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### III. DISCUSSION

#### A. Entities Not Cognizable as Defendants in a § 1983 Action

Among Defendants named in this action are the State's Office of Public Defender and the State's Office of the Prosecutor. These Defendants, however, are not cognizable as "persons" subject to suit under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 688-90 (1978); Martin v. Red Lion Police Dep't, 146 F. App'x, 558, 562 n.3 (3d Cir. 2005); see also Johnson v. Runyon, 1999 U.S. Dist. LEXIS 5748 (W.D. Mich. Apr. 22, 1999).

Therefore, Plaintiff's claims against these two Defendants are subject to dismissal. Such dismissal will be with prejudice since the status of these two Defendants as entities not cognizable as "persons" for the purposes of Section 1983 suit cannot change.[1]

---

[1] Alternatively, Plaintiff's challenges are subject to dismissal under the Eleventh Amendment. A suit may be barred by the Eleventh Amendment even though a state is not named a party

**B.     Respodeat Superior Claims**

Two other Defendants named in this action Royster and Seagars. The Complaint asserts that these Defendants violated Plaintiff's civil rights by being direct/indirect supervisors of Mitchell.

Supervisors, however, were never held liable under § 1983 solely on the basis of the theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell, 436 U.S. at 690-91, 694 (1978); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). Indeed, it is conclusively established that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 129 S. Ct. at 1948. Thus, "a plaintiff must plead that each [g]overnment official, through the official's own individual actions, has violated the Constitution." Id.

Here, Plaintiff asserts that Royster and Seagars are liable to Plaintiff merely because they were Mitchell's supervisors and because Royster was the addressee of Plaintiff's statements expressing his displeasure with Mitchell. These allegations are

---

to the action as long as the state is the real party in interest. See Fitchik v. N.J. Transit Rail Operations, 873 F.2d 655, 659 (3d Cir. 1989) (citing Edelman v. Jordan, 415 U.S. 651, 663 (1974)). For instance, a prosecutor's office, when acting in its law enforcement capacity, is an arm of the State. See Wright v. State, 169 N.J. 422, 455 (2001). Thus, a suit against such office is a suit against the State itself and is prohibited by the Eleventh Amendment immunity. See MCI Telecomm. Corp. v. Bell Atl.-Pa. Serv., 271 F.3d 491, 503 (3d Cir. 2001).

insufficient to state a claim under § 1983, as the Supreme Court has specifically rejected the theory that "a supervisor's mere knowledge of his subordinate's [actions] amounts to the supervisor's violating the Constitution." Iqbal, 129 S. Ct. at 1949. Therefore, Plaintiff's claims against Royster and Seagars will be dismissed for failure to state a claim upon which relief can be granted. Such dismissal will be with prejudice since the Complaint makes it abundantly clear that Plaintiff's challenges against Royster and Seagars are not based on these two Defendants' personal involvement in the wrongs allegedly suffered by Plaintiff.

**C.   Claims Against DeFazio and Morono**

The next two Defendants named in this action are Morono, the prosecutor pursuing criminal charges against Plaintiff on behalf of the State, and DeFazio, the head of Hudson County Prosecutor's Office.

With Regard to DeFazio, Plaintiff asserts that Plaintiff's "equal protection" rights were violated because a criminal complaint was allegedly filed against a certain individual who, the Complaint maintains, assaulted Plaintiff and stole cash from Plaintiff, but -- according to the Complaint -- that individual was not prosecuted. However, prosecutors are also absolutely immune from actions under § 1983 for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)). Correspondingly, the

prosecutors are immune from Section 1983 claims based on their exercise of prosecutorial discretion, see Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006); Imbler v. Pachtman, 424 U.S. 409 (1976), including their decisions not to pursue criminal charges.

> It requires no extended argument to establish that prosecutors do not deviate from "fundamental conceptions of justice" when they defer seeking indictments until they have probable cause to believe an accused is guilty; indeed it is unprofessional conduct for a prosecutor to recommend an indictment on less than probable cause. [See] ABA Code of Professional Responsibility DR 7-103(A); ABA Project on Standards for Criminal Justice, The Prosecution Function § 3.9 (App. Draft 1971). It should be equally obvious that prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt. To impose such a duty "would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself," United States v. Ewell, [383 U.S. 116,] 120 [(1966)]. From the perspective of potential defendants, requiring prosecutions to commence when probable cause is established is undesirable because it would increase the likelihood of unwarranted charges being filed, and would add to the time during which defendants stand accused but untried. [Indeed, t]o the extent that the period between accusation and trial has been strictly limited by legislative action, see, e.g., Speedy Trial Act . . . , 18 U.S.C. § 3161, compelling immediate prosecutions upon probable cause would not add to the time during which defendants stand accused, but would create a risk of guilty persons escaping punishment simply because the Government was unable to move from probable cause to guilt beyond a reasonable doubt in the short time available to it. . . . .

United States v. Lovasco, 431 U.S. 783, 791 (1977).

Therefore, Plaintiff's claims against DeFazio are subject to dismissal as challenges against a person immune from the suit.

Analogously, Plaintiff's claims against Morono based on Morono's actions during his prosecution of the charges against Plaintiff are barred by Morono's immunity. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).[2]

Consequently, Plaintiff's claims against DeFazio and Morono will be dismissed. Such dismissal will be with prejudice since the Complaint is unambiguous in its assertions that DeFazio and Morono are sued in connection with their activities as advocates for the State or as law enforcement officers.

**D.  Claims Against Mitchell**

To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the federal Constitution or laws. See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Section 1983 does not create substantive

---

[2] Plaintiff's position that Morono should have disclosed certain evidence to the grand jury or should not have relied on certain documentary evidence, or should have studied the crime scene better does not change the outcome of this Court's analysis, since even a "deliberate withholding of exculpatory information is included within the legitimate exercise of prosecutorial discretion." Yarris, 465 F.3d at 137; see also Imbler, 424 U.S. at 431-32 n. 34.

rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman, 47 F.3d at 633. "The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." Id. at 638. The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). For the conduct to be "fairly attributable" to the State, (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible, and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. See id. at 936-39.

It is well-settled that neither a privately retained counsel nor a court-appointed public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding could be deemed as acting under color of law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Whether court-appointed or privately retained, a defense attorney

represents only her client and not the state. See Johnson v. Kafrissen, 1995 U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5, 1995). Therefore, Plaintiff's claims against Defendant Mitchell will be dismissed for Plaintiff's failure to satisfy the color of law requirement. Such dismissal will too be with prejudice, since the Complaint is clear as to Plaintiff's intent to sue Mitchell for the legal assistance she provided to him during Plaintiff's criminal proceedings.[3]

## IV. **PLAINTIFF'S LETTERS**

Finally, the Court takes notice of Plaintiff's two letters submitted in this action. See Docket Entries Nos. 2 and 3.

In these letters, Plaintiff seeks an opportunity to correct his pleadings in the event the Court determines that Plaintiff's Complaint is subject to dismissal for failure to state a claim upon which relief can be granted, as it is the case here. In addition, Plaintiff seemingly requests this Court's guidance as to how to cure his pleadings in order to state a viable claim.

With regard to Plaintiff's latter request, if such was intended, the Court is without mandate to assist Plaintiff.

---

[3] The Court's dismissal of Plaintiff's civil rights challenges does not prevent Plaintiff from seeking habeas relief on the basis of his challenges to Mitchell's legal assistance. The Court, however, stresses that no statement made in this Opinion shall be construed as stating this Court's position as to substantive or procedural validity or invalidity of Plaintiff's challenges in the event Plaintiff elects to institute habeas proceedings.

"District judges have no obligation to act as counsel or paralegal [even] to pro se litigants," Pliler. v. Ford, 542 U.S. 225, 231-32 (2004), and the Court's legal assistance to Plaintiff would render the Court biased. See 28 U.S.C. § 455(a); Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988); In re Kensington Intern. Ltd., 368 F.3d 289, 301 (3d Cir. 2004); see also U.S. v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995); Clemens v. United States District Court for the Central District of California, 428 F.3d 1175, 1178 (9th Cir. 2005); Matter of Mason, 916 F.2d 384, 386 (7th Cir. 1990). Simply put, Plaintiff is the sole "master of the case."

Moreover, Plaintiff's request for an opportunity to cure his pleadings caused the Court a pause. Generally, even "[w]hen a plaintiff does not seek leave to amend a deficient complaint . . . , the Court must inform the plaintiff that he has leave to amend within a set period of time," Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), that is, "unless amendment would be . . . futile." Id.; see also Foman v. Davis, 371 U.S. 178, 182 (1962) (ordinarily, the plaintiff may be granted "leave [to amend,] . . . when justice so requires"); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (futility of amendment occurs when the complaint, even if amended, would not be able to state a claim upon which relief can be granted).

Here, Plaintiff's allegations indicate, with utmost clarity, that he is suing either entities not amenable to § 1983 suit, or persons whose challenged actions fall within the realm of absolute immunity, or persons involved in the events alleged in the Complaint solely under the <u>respondeat superior</u> theory, or the person with regard to whom Plaintiff cannot meet the color of law requirement.  In other words, the challenges stated in the Complaint (and massive exhibits attached to it) strongly indicate that granting Plaintiff leave to amend his Complaint would be futile.[4]  However, in light of Plaintiff's application, this Court -- out of abundance of caution -- will grant Plaintiff an opportunity to submit an amended complaint.  The Court, however, stresses, that such leave shall not be construed as an invitation to relitigate the claims found subject to dismissal in this Opinion, and such amended pleadings should be based on the core events asserted in Plaintiff's instant Complaint.

---

[4] While the Court is cognizant that Plaintiff can state, in his amended complaint, challenges based on events entirely different from those asserted in the Complaint at bar, the Court's leave to amend cannot be used that way, <u>accord</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 661-62 (2005) (an amended pleading must relate to an original pleading; such relation is satisfied only if both pleadings "state claims that are tied to a common core of operative facts"), since allowing such "amendment" would: (a) effectively permit a litigant to prosecute two entirely different actions in the same proceeding, in violation of the filing fee statute; or (b) if the original and amended complaint are construed as a single pleading (rather than a chain of superceding pleadings), such "conflated" pleading would violate the requirements of Rules 18 and 20.

**V.    CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's application to file the Complaint in forma pauperis and will dismiss the Complaint, Docket Entry No. 1. All Plaintiff's claims addressed in this Opinion will be dismissed with prejudice.

The Court will construe Plaintiff's letters, Docket Entries Nos. 2 and 3, as a motion seeking leave to amend Plaintiff's instant Complaint. Such motion will be granted, and Plaintiff will be allowed to file an amended complaint, provided that such amended complaint *is executed in compliance* with the Court's guidance provided to Plaintiff in this Opinion.

An appropriate order accompanies this Opinion.

                                      *s/Peter G. Sheridan*
                                      PETER G. SHERIDAN, U.S.D.J.

May 25, 2011