UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DARREL REEVES, | : | |
| Plaintiff, | : | Civil Action No. 11-1741 (PGS) |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
| OFFICE OF THE PUBLIC DEFENDER et al., | : | |
| Defendants. | : | |

This matter comes before the Court upon Plaintiff's filing of his amended complaint, see Docket Entry No. 11, and it appearing that:

1. On March 28, 2011, Plaintiff submitted for filing: (a) his original complaint, see Docket Entry No. 1; (b) thirty-one pages of exhibits, see Docket Entry No. 1-1; (c) Plaintiff's application to prosecute this matter in forma pauperis, see Docket Entry No. 1-2, and (d) a cover sheet. See Docket Entry No. 1-3.

2. On March 30, 2011, and on April 18, 2011, Plaintiff submitted two letters aimed to accompany his original complaint. See Docket Entries Nos. 2 and 3. In one of these letters, Plaintiff requested an opportunity to correct his pleadings in the event the Court determined that Plaintiff's original complaint was subject to dismissal for failure to state a

    claim upon which relief can be granted; in his other letter, Plaintiff requested this Court's guidance as to what Plaintiff had to plead to assert a viable claim. See id.

3. On May 25, 2011, this Court issued an order and accompanying opinion ("May Opinion") dismissing Plaintiff's original complaint. See Docket Entries Nos. 6 and 7.

4. The May Opinion summarized Plaintiff's challenges as follows:

> Plaintiff's Complaint named the following parties as Defendants in this action: Hope Mitchell ("Mitchell," public defender in Plaintiff's criminal case), Martha Royster ("Royster," Mitchell's supervisor), Yvonne Smith Seagars ("Seagars," Royster's former supervisor), the Office of Public Defender for the State of New Jersey, Frank Morono ("Morono," prosecutor of Plaintiff's criminal case) and the Office of the Prosecutor (presumably, in the county of Morono's employ). In addition, mentioned in the Complaint is a certain "Edward DeFazo"; the reference suggests that Plaintiff is referring to Edward J. DeFazio ("DeFazio," the head of Hudson County Office of the Prosecutor. Plaintiff's Complaint asserts that: (a) Mitchell violated Plaintiff's civil rights by providing him with ineffective assistance of counsel during Plaintiff's criminal proceedings; (b) Royster violated Plaintiff's civil rights by being Mitchell's supervisor; (c) Seagars violated Plaintiff's civil rights by being Royster's supervisor; (d) the Office of Public Defender violated Plaintiff's civil rights by being the entity employing Seagars, Royster and Mitchell; (e) Morono violated Plaintiff's civil rights by relying, during Plaintiff's prosecution, on the documentary evidence which Plaintiff believed to be untrue, by not presenting Plaintiff's grand jury with the statements that Plaintiff would have preferred disclosed and by not investigating the crime scene in the fashion Plaintiff believed to be proper under the state court rules; (f) De Fazio violated Plaintiff's civil rights by not fostering criminal proceedings against an individual who,

>    allegedly, assaulted and stole cash from Plaintiff; and (g) the Office of the Prosecutor violated Plaintiff's civil rights by being the entity employing Morono and DeFazio. See Docket Entry No. 1, at 2-4. Plaintiff seeks monetary damages. Id. at 6.

Docket Entry No. 6, at 1-2.

5.  The Court's May Opinion detailed to Plaintiff the pleading requirement, see id. at 3-5, and explained to Plaintiff that: (a) Plaintiff's challenges against the Office of the Public Defender and the Prosecutor's Office were not cognizable in a Section 1983 action, see id. at 6; (b) Plaintiff's claims against Royster and Seagars, based solely on the respondeat superior doctrine, facially failed to state a viable claim for the purposes of Section 1983, see id. at 7-8; (c) Plaintiff's challenges against DeFazio and Morono were barred by prosecutorial immunity, since Plaintiff's original complaint unambiguously indicated that he was suing these Defendants for performing their duties as advocates of the State, see id. at 8-10; and (d) Plaintiff's claims against Mitchell were subject to dismissal for failure to meet the "color-of-law" requirement. See id. at 10-12 (meticulously detailing to Plaintiff the rationale of this legal principle).

6.  Then, turning to Plaintiff's letters, the Court stated as follows:

>    Plaintiff seeks an opportunity to correct his pleadings in the event the Court determines that Plaintiff's Complaint is subject to dismissal for

failure to state a claim upon which relief can be granted, as it is the case here. In addition, Plaintiff . . . requests this Court's guidance as to how to cure his pleadings in order to state a viable claim. With regard to Plaintiff's latter request, if such was intended, the Court is without mandate to assist Plaintiff. "District judges have no obligation to act as counsel or paralegal [even] to pro se litigants," Pliler. v. Ford, 542 U.S. 225, 231-32 (2004), and the Court's legal assistance to Plaintiff would render the Court biased. See 28 U.S.C. § 455(a); Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988); In re Kensington Intern. Ltd., 368 F.3d 289, 301 (3d Cir. 2004); see also U.S. v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995); Clemens v. United States District Court for the Central District of California, 428 F.3d 1175, 1178 (9th Cir. 2005); Matter of Mason, 916 F.2d 384, 386 (7th Cir. 1990). Simply put, Plaintiff is the sole "master of the case." Moreover, Plaintiff's request for an opportunity to cure his pleadings caused the Court a pause. Generally, even "[w]hen a plaintiff does not seek leave to amend a deficient complaint . . . , the Court must inform the plaintiff that he has leave to amend within a set period of time," Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), that is, "unless amendment would be . . . futile." Id.; see also Foman v. Davis, 371 U.S. 178, 182 (1962) (ordinarily, the plaintiff may be granted "leave [to amend,] . . . when justice so requires"); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (futility of amendment occurs when the complaint, even if amended, would not be able to state a claim upon which relief can be granted). Here, Plaintiff's allegations indicate, with utmost clarity, that he is suing either entities not amenable to § 1983 suit, or persons whose challenged actions fall within the realm of absolute immunity, or persons involved in the events alleged in the Complaint solely under the respondeat superior theory, or the person with regard to whom Plaintiff cannot meet the color of law requirement. In other words, the challenges stated in the Complaint (and massive exhibits attached to it) strongly indicate that granting Plaintiff leave to amend his Complaint would be

> futile. However, in light of Plaintiff's application, this Court -- out of abundance of caution -- will grant Plaintiff an opportunity to submit an amended complaint. The Court, however, stresses, that such leave shall not be construed as an invitation to relitigate the claims found subject to dismissal in this Opinion . . . .

Id. at 12-14.

7. The Court's order accompanying its May Opinion granted Plaintiff in forma pauperis status and directed, inter alia, as follows:

> ORDERED that Plaintiff's habeas challenges, if such were intended, are dismissed without prejudice to initiation of an appropriate habeas action; and it is further
> ORDERED that Plaintiff's civil rights claims asserted in the Complaint are dismissed with prejudice; and it is further . . .
> ORDERED that the Court construes Plaintiff's letters, Docket Entries Nos. 2 and 3, as a motion seeking leave to amend the Complaint and as Plaintiff's motion seeking this Court's assistance in stating a viable claim; and it is further
> ORDERED that Plaintiff's motion is granted insofar as Plaintiff's application for an opportunity to file an amended complaint is concerned; and it is further . . .
> ORDERED that Plaintiff may have this case reopened in the event Plaintiff files, within forty-five days from the date of entry of this Order, Plaintiff's amended complaint complying with the guidance provided to Plaintiff in the Opinion filed herewith . . . .

Docket Entry No. 7, at 2-3.

8. In response, Plaintiff submitted his amended complaint, a seventy-six page compilation, see Docket Entry No. 11, and a letter accompanying that massive submission. See Docket Entry No. 11-1.

9. Plaintiff's amended complaint named only one person as Defendant: that person was Hope Mitchell, the public defender who represented Plaintiff during his criminal prosecution. See Docket Entry no. 11 and 3. Well in sync with Plaintiff's allegation against Mitchell stated in his original complaint, Plaintiff asserted, once again, that Mitchell violated his rights by providing him with what Plaintiff qualified as ineffective assistance of counsel in violation of Plaintiff's Sixth Amendment rights. See id. at 4. Plaintiff clarified that he filed a grievance against Mitchell with Mitchell's supervisors, see id., and maintained that Mitchell violated Plaintiff's rights by "leading" Plaintiff to believe that he would be sentences to a 3-year term with 624 days credited against that term, while – allegedly, in actuality – Plaintiff was sentenced to two, seemingly consecutive, sentences, each being a three-year term.[1] Plaintiff maintains that Mitchell's "leading" violated his civil rights and seeks monetary damages

---

[1] Plaintiff's allegations to that effect fail to correspond to the information provided by the New Jersey Department of Corrections ("DOC"). According to the DOC, Plaintiff was sentenced on April 8, 2011 (and entered custody on that date), and, regardless of being convicted on two different offenses (i.e., of burglary committed on January 14, 2010, and burglary committed on April 28, 2009), is scheduled for release (as his "maximum" date) on January 23, 2013. See <<https://www6.state.nj.us/DOC_Inmate/details?x=1184811&n=0>>. Therefore, it is self-evident that Plaintiff's sentences were ordered to run concurrently, and Plaintiff is scheduled to receive certain credit against his term: had the facts been as Plaintiff asserted, his "maximum" release date would be April 7, 2017.

       from Mitchell "for loss of job, ap[ar]t[ment], clothin[g], and for the losses of all [Plaintiff's] belongings, each day [he] spent in prison." Docket Entry No. 11, at 6.

10. Plaintiff's reiterated challenges against Mitchell fail to state a claim upon which relief can be granted for the reasons already explained to Plaintiff in this Court's May Opinion, i.e., on the grounds that Plaintiff's challenges fail to meet the color-of-law requirement. See Docket Entry No. 6, at 10-12 (explaining the same in great detail). Therefore, Plaintiff's amended complaint is subject to dismissal and, for the reasons already pointed out by this Court in its May Opinion, any issuance of another leave to amend Plaintiff's pleading would be futile. See id. at 13.

11. Finally, the Court takes notice of Plaintiff's letter accompanying his amended complaint. See Docket Entry No. 11-2. In that letter, Plaintiff reiterated this Court's observation (made in the order accompanying the Court's May Opinion) that Plaintiff's habeas challenges, if such were intended, were dismissed without prejudice to raising them in a habeas petition. See id. at 1. Plaintiff closed this letter with the statement reading, "I only want what was promised to me at sentencing," id., which, this Court gathers, indicates that Plaintiff wishes to have his imposed sentence shortened to 471 days.

12. This Plaintiff's final statement leads this Court to conclude that Plaintiff is interested in challenging his imposed sentence (be it on the grounds of ineffective assistance of counsel or any other ground).[2] In the event Plaintiff wishes

---

[2] In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of civil rights and habeas corpus. In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate or speedier release. See id. at 476. The prisoners did not seek compensatory damages for the loss of their credits. See id. at 494. Assessing the prisoners' challenge, the Supreme Court held that a prisoner must bring a suit for equitable relief that, effectively, challenges "the fact or duration of confinement" as a habeas corpus petition. See id. at 500. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court addressed a corollary question to that presented in Preiser, i.e., whether a prisoner could implicitly challenge the constitutionality of his conviction in a § 1983 suit seeking only damages (a form of relief not available through a habeas corpus proceeding). Again, the Court rejected § 1983 as a vehicle to implicitly challenge the lawfulness of a criminal judgment or sentence.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnote omitted). The Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights relief and the availability of habeas relief as follows:

to mount such challenges, this Court reiterates its conclusion that, indeed, no finding made by this Court in the instant matter, precludes Plaintiff from raising his habeas challenges, including the challenges to his sentence. The Court, however, stresses, that no statement made by this Court shall be construed as expressing this Court's position as to procedural or substantive validity or invalidity of Plaintiff's habeas challenges in the event such challenges are raised. This is so because Plaintiff's habeas challenges, even if they are contemplated, are not presently before this court and – in order to be addressed – these challenges should be first raised: in a new and separate matter by means of Plaintiff's filing a habeas petition. The Court, therefore, will direct the Clerk to serve Plaintiff with a blank habeas petition form and a blank *in forma pauperis* application form for incarcerated individuals seeking habeas relief: in order to facilitate Plaintiff's habeas endeavor, that is, if such endeavors are contemplated.

---

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

IT IS, therefore, on this \_\_23\_\_ day of February, 2012,

ORDERED that the Clerk shall reopen this matter for the purposes of this Court's examination of Plaintiff's amended complaint, Docket Entry No. 11, by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's amended complaint, Docket Entry No. 11, is dismissed with prejudice. No leave to amend shall issue; and it is further

ORDERED that Plaintiff's habeas challenges, if such were intended, remain dismissed without prejudice to being raised in a proper habeas petition; and it is further

ORDERED the Clerk shall close the file on this matter by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED"; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by certified mail, return receipt requested, and inclose in said mailing: (a) one blank 28 U.S.C. § 2254 habeas petition form; and (b) one blank in forma pauperis application form for incarcerated individuals seeking habeas relief.

_____
**PETER G. SHERIDAN**
United States District Judge